# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-00224-GW (SK) | Date | March 24, 2020 |
| Title | Rodriguez Herlindo Junior v. Pelayes et al. | | |

**Present: The Honorable** Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against three San Bernardino County sheriffs who work at the West Valley Detention Center. (ECF 1 at 3, 5). He sues two of them in both their official and personal capacities, and one in his personal capacity only. (*Id.* at 3). He claims that they all violated the Eighth Amendment because it took them three days to replace a worn-out mattress, during which time he had to sleep on the metal bedframe. (*Id.* at 5-6). Plaintiff's in forma pauperis application, however, is deficient for two reasons.

First, Plaintiff failed to include a certified copy of his trust account statement for the last six months. (ECF 9). Without that certified statement, Plaintiff cannot proceed with his complaint unless he first pays the full amount of the filing fee. *See* 28 U.S.C. § 1915(a)(2); L.R. 5-2. Second, while leave to amend might cure that procedural defect, amendment would be futile for another reason: Plaintiff is suing Defendants who are immune to suit for monetary relief under the alleged facts. *See* 28 U.S.C. § 1915A(b)(2).

To start, Sergeants Guerra and Pelayes may not be sued in their official capacities on the facts alleged. An official-capacity suit against employees of a municipality "is equivalent to a suit against the governmental entity itself." *Gomez v. Vernon*, 255 F.3d 1118, 1126-27 (9th Cir. 2001). So to bring official-capacity claims against those two Defendants, Plaintiff must allege facts showing that they violated a federal law pursuant to a San Bernardino County policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But he has alleged only an "isolated" or "sporadic" incident, which is not enough to impose municipal liability under *Monell*. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Moreover, all three Defendants are entitled to qualified immunity in their personal capacities. Qualified immunity applies when government officials' conduct does not violate "clearly established" constitutional rights. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). No federal case has "clearly established" that Plaintiff has an Eighth Amendment right to no delay in the replacement of a worn-out mattress. *See, e.g., Jones v. Neven*, 678 Fed. App'x 490, 493

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00224-GW (SK) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Rodriguez Herlindo Junior v. Pelayes et al. | | |

(9th Cir. 2017) (defendants entitled to qualified immunity on Eighth Amendment claim where prisoner lacked mattress and bed and slept on cell floor for four days) (quoting *Chappell v. Mandeville*, 706 F.3d 1052, 1060 (9th Cir. 2013)); *Finley v. Neven*, 388 Fed. App'x 694, 695 (9th Cir. 2010) ("[D]efendants were entitled to qualified immunity because prisoners do not have a clearly established right to sleep on a comfortable mattress.").

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** in writing on or before **April 23, 2020** why his in forma pauperis application should not be denied and his complaint accordingly dismissed based on the deficiencies outlined above. If Plaintiff wishes to proceed with this action, he must first file a complete form CV-60P (attached here) that includes a certified copy of his trust account statement for the last six months. Even then, Plaintiff must prove why Defendants are not immune from suit for the reasons above. Alternatively, Plaintiff may file a notice of voluntary dismissal using the attached form CV-09 if he cannot cure the deficiencies outlined in this order. Voluntary dismissals do not count as "strikes" against the maximum number of lawsuits that prisoners may file without prepaying full filing fees. *See* 28 U.S.C. § 1915(g).

**Failure to file a voluntary dismissal or a timely response to this order may result in involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**